IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WEI XU, RICHARD WU, and JOHN HUANG on behalf of plaintiffs and a class, | ) ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) ) |
| COSTCO WHOLESALE CORPORATION, | ) ) ) |
| Defendant. | ) |

## COMPLAINT – CLASS ACTION

### INTRODUCTION

1. Plaintiffs bring this action to recover for overcharges of sales tax imposed by defendant Costco Wholesale Corporation.

### VENUE AND JURISDICTION

2. This Court has jurisdiction under 28 U.S.C. §1332(d). The amount in controversy exceeds $5 million, exclusive of interest and costs. As set forth below, the parties are of diverse citizenship – plaintiffs are citizens of Illinois, defendant is a citizen of Washington.

3. Venue and personal jurisdiction in this District are proper because the events at issue occurred here.

### PARTIES

4. Plaintiffs Wei Xu, Richard Wu and John Huang are residents and domiciliaries of DuPage County, Illinois.

5. Defendant Costco Wholesale Corporation is a Washington corporation that has its principal offices at 999 Lake Drive, Issaquah, Washington 98027. It does business in Illinois. Its registered agent and office is CT Corporation System, 208 South LaSalle Street, Suite 814, Chicago, Illinois 60604. It operates over 15 Costco stores within Illinois. (Exhibit A)

**FACTS**

      6.      Costco stores distribute and accept Costco coupons. Examples are in <u>Exhibit B</u>.

      7.      On information and belief, the policy and practice of Costco in Illinois, when it calculates sales tax for a transaction in which a coupon is issued, is to calculate the tax on the full amount of the purchase before deducting the amount of the coupon.

      8.      Costco relies on computerized systems for point-of-sale processing in its stores, including the processing of coupons. On information and belief, the processing of coupons and the calculation of sale tax in transactions involving coupons is handled by computer in a standard manner.

      9.      On January 31, 2015, plaintiff Wei Xu made a purchase at the Costco at 1901 West 22nd Place, Oak Brook, Illinois 60523, paying $266.70 ($33.76 for "A" items and $232.94 for "C" items), and tendering $12.00 in coupons, issued by Costco Wholesale Corporation.

      10.      Defendant Costco charged plaintiff $3.16 sales tax on items identified as "A", as shown by the receipt attached as <u>Exhibit C</u>. Defendant Costco charged plaintiff $4.16 sales tax on items identified as "C", as shown by the receipt attached as <u>Exhibit C</u>.

      11.      The $3.16 is 7.75% of $40.77, not $33.76. The $4.16 is 1.75% of $237.71, not $232.94.

      12.      On January 17, 2015, plaintiff Richard Wu made a purchase at the Costco at 1320 S. Route 59, Naperville, IL 60564, paying $98.78 ($50.88 for "A" items and $42.74 for "C" items), and tendering $10.00 in coupons, issued by Costco Wholesale Corporation.

      13.      Defendant Costco charged plaintiff $4.41 on items identified as "A", shown by the receipt attached as <u>Exhibit D</u>. Defendant Costco charged plaintiff $0.75 sales tax on items identified as "C", as shown by the receipt attached as <u>Exhibit D</u>.

      14.      The $4.41 is 7.25% of $60.88, not $50.88.

      15.      On February 7, 2015, plaintiff Richard Wu made a purchase at the Costco at 1320 S. Route 59, Naperville, IL 60564, paying $92.46 ($10.89 for "A" items and $79.19 for

"C" items), and tendering $11.50 in coupons, issued by Costco Wholesale Corporation.

16. Defendant Costco charged plaintiff $0.79 sales tax on items identified as "A", shown by the receipt attached as <u>Exhibit E</u>. Defendant Costco charged plaintiff $1.59 sales tax on items identified as "C", as shown by the receipt attached as <u>Exhibit E</u>.

17. The $1.59 is 1.75% of $90.69, not $79.19.

18. On February 11, 2015, plaintiff John Huang made a purchase at the Costco at 1901 West 22nd Place, Oak Brook, Illinois 60523, paying $9.92, and tendering $3.00 in coupons, issued by Costco Wholesale Corporation.

19. Defendant Costco charged plaintiff $0.93 sales tax, shown by the receipt attached as <u>Exhibit F</u>.

20. The $0.93 is 7.75% of $11.99, not $8.99.

21. The coupons do not require plaintiffs to pay any tax liability imposed on Costco.

22. Costco's terms of service state:

> **Valid at all U.S. Costco warehouses. May not be combined with any other offer or coupon. Selection and pricing may vary. No cash redemption value. State and local laws may require sales tax to be charged on the pre-discount price if the product is subject to sales tax. These taxes, if any, are in addition to the amount that you are paying for the product. Not all items are available at all locations. Offer limited to the inventory available from the manufacturer. limits shown are per household during the dates listed. A rain check may be issued if the promotionalis [sic] out of stock during the term of the promotion.**

23. Defendant Costco charged plaintiffs sales tax on the purchase computed on the purchase price without deducting the amount of the coupon, as shown by the receipts attached as <u>Exhibits C-F</u>.

24. Plaintiffs were overcharged.

25. Plaintiffs relied on defendant's computation of the amount due, and were damaged as a result.

26. Illinois law does not require sales tax to be charged on the pre-discount price.

27. 86 Ill. Admin. Code 130.2125, "Trading Stamps, Discount Coupons, Automobile Rebates and Dealer Incentives," provides:

> **. . . b)    Discount Coupons**
>
>> **1)    Where the retailer receives no coupon reimbursement:**
>>
>>> **If a retailer allows a purchaser a discount from the selling price on the basis of a discount coupon for which the retailer receives no reimbursement from any source, the amount of the discount is not subject to Retailers' Occupation Tax liability. Only the receipts actually received by the retailer from the purchaser, other than the value of the coupon, are subject to the tax. For example, if a retailer sells an item for $10 and the purchaser provides the retailer with a $1 in-store coupon for which the retailer receives no reimbursement from the manufacturer of the item or any other source, the retailer's gross receipts of $9 are subject to Retailer's Occupation Tax.**
>>
>> **2)    Where the retailer receives full or partial coupon reimbursement:**
>>
>>> **A)    If a retailer allows a purchaser a discount from the selling price on the basis of a discount coupon for which the retailer will receive full or partial reimbursement (from a manufacturer, distributor or other source), the retailer incurs Retailers' Occupation Tax liability on the receipts received from the purchaser and the amount of any coupon reimbursement. For example, if a retailer sells an item for $15 and the purchaser provides the retailer with a $5 manufacturer's coupon for which the retailer receives full reimbursement from the manufacturer of the item, the retailer's gross receipts of $15 are subject to Retailers' Occupation Tax. Technically, the coupon issuer (the manufacturer in this example) owes the corresponding Use Tax on the value of the coupon. However, in many cases, the coupon issuer incorporates language into the coupon that requires the bearer (the purchaser in this example) to assume this Use Tax liability. . . .**

28.   The coupons issued by and terms of service of Costco Wholesale Corporation do not require the consumer to bear its tax liability.

## CLASS ALLEGATIONS

29.   Plaintiffs bring this action on behalf of a class, pursuant to Fed.R.Civ.P. 23(a) and 23(b)(3).

30.   The class consists of (a) all individuals who redeemed coupons (b) at a Costco store in Illinois (c) on or after a date three years (Count I) or five years (Counts II-III) prior to the filing of this action and (d) were charged sales tax based on the price prior to the discount

4

resulting from use of the coupon, (e) where the coupon did not require the consumer to bear Costco's tax liability.

31. On information and belief, based on the number of Costco stores in Illinois, and the regularity with which they accept coupons, there are well in excess of 40 class members, and joinder of all members is not practicable.

32. There are questions of law and fact common to the class members, which common questions predominate over any questions relating to individual class members. The predominant common questions are:

    a. Whether defendant has a standard method of computing sales tax on Illinois transactions involving coupons;

    b. Whether such practice complies with Illinois law;

    c. Whether defendants' imposition of excess sales tax is an unfair or deceptive practice;

    d. Whether defendants' imposition of excess sales tax is fraudulent;

    e. Whether defendants are obligated to make restitution of the excess amounts collected.

33. Plaintiffs' claims are typical of the claims of the class members. All are based on the same factual and legal theories.

34. Plaintiffs' will fairly and adequately represent the class members. Plaintiffs have retained counsel experienced in class actions and consumer litigation.

35. A class action is superior for the fair and efficient adjudication of this matter, in that:

    a. Individual actions are not economically feasible.

    b. Members of the class are likely to be unaware of their rights.

### COUNT I – CONSUMER FRAUD ACT

36. Plaintiffs incorporate paragraphs 1-35.

37. Defendant engaged in unfair and deceptive acts and practices, in violation of 815 ILCS 505/2, by overcharging plaintiffs and other consumers on sales tax. *People ex rel. Hartigan v. Stianos*, 131 Ill.App.3d 575 475 N.E.2d 1024 (2d Dist. 1985).

WHEREFORE, the Court should enter judgment in favor of plaintiffs and the class and against defendants for:

    a. Compensatory damages;

    b. Punitive damages equal to at least 1% of the annual revenue of each of defendant's Illinois stores during each year the violations occurred;

    c. An injunction against further overcharges;

    d. Attorney's fees, litigation expenses and costs of suit;

    e. Such other or further relief as the Court deems proper.

## COUNT II – COMMON LAW FRAUD

38. Plaintiffs incorporate paragraphs 1-35.

39. Defendant misrepresented the amount of sales tax due on the transactions of plaintiffs and other consumers.

40. Plaintiffs and other consumers relied on the misrepresentation by paying excess sales tax.

41. Defendant knew or recklessly disregarded the manner in which tax should be computed.

WHEREFORE, the Court should enter judgment in favor of plaintiffs and the class and against defendant for:

    a. Compensatory damages;

    b. Punitive damages equal to at least 1% of the annual revenue of each of defendant's Illinois stores during each year the violations occurred;

    c. Costs of suit;

    d. Such other or further relief as the Court deems proper.

## **COUNT III – MONEY HAD AND RECEIVED**

42. Plaintiffs incorporate paragraphs 1-35.

43. Defendant unjustly enriched itself, such that it is obligated in good conscience to make restitution, by overcharging plaintiff and other consumers on sales tax.

WHEREFORE, the Court should enter judgment in favor of plaintiffs and the class and against defendant for:

    a.    Appropriate damages;

    b.    Costs of suit;

    c.    Such other or further relief as the Court deems proper.

 

s/ Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Emiliya Gumin Farbstein
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 South Clark Street, Suite 1500
Chicago, IL 60603-1824
(312) 739-4200
(312) 419-0379 (FAX)
Email address for service: courtecl@edcombs.com

## **NOTICE OF LIEN AND ASSIGNMENT**

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

                                         s/ Daniel A. Edelman
                                         Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
        & GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

T

**DOCUMENT PRESERVATION DEMAND**

      Plaintiff hereby demands that defendant take affirmative steps to preserve all recordings, data, documents, and all other tangible things that relate to plaintiff, the events described herein, any third party associated with any telephone call, campaign, account, sale or file associated with plaintiff, and any account or number or symbol relating to them. These materials are likely very relevant to the litigation of this claim. If defendant is aware of any third party that has possession, custody, or control of any such materials, plaintiff demands that defendant request that such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of the defendant.

                                                           s/ Daniel A. Edelman
                                                           Daniel A. Edelman